Deaderick, J.,
delivered the opinion of the Court.
These two causes were consolidated and heard together, in the Chancery Court of Memphis. The defendants are the widow and heir-at-law, of John D. Martin, deceased. One of the_ bills was filed to enforce the vendor’s lien for the unpaid purchase money, for a house and lot in the city of Memphis. The other is an attachment bill, for the collection of certain debts, against the said John D. Martin, and in which case an attachment was levied upon the interest of said John D. in the said house and lot and in other property.
The Chancellor directed a sale of the house and *384 lot for the satisfaction of the vendor’s lien, and the sale producing more than the balance of the unpaid purchase money, he decreed that after the satisfaction of the costs and the purchase money due upon the house and lot, and the taxes upon the property, that the defendant Rosa, widow of the said John D. Martin, deceased, was entitled to the whole of the surplus for and during her natural life, as dower — that surplus not being equal to or in excess of the value of one-third of the whole property.
The Chancellor further decreed that as to debts due to said complainant Boyd, other than that due for purchase money, he could only be let in upon said surplus, after the termination of the widow’s life estate therein.
The property, after the filing of the bills, had upon the application of the complainant, been placed in the hands of a receiver, and a small amount of rents had been received. These rents the Chancellor refused to apply towards the liquidation of complainant’s debts, and directed that they should be paid, one-third to the widow, and the other two-thirds to the heir-at-law, or his guardian, he being a minor. From this decree the complainant appealed to this Court.
The first question presented is, Did the Chancellor err in decreeing the whole amount of the surplus proceeds of the sale of the house and lot to the widow ? The deed to Martin, for the house and lot, reserved upon its face a lien for the purchase money. In such a case the vendee takes the legal title, subject to an express lien for the purchase money due the vendor.
*385 The relation of the parties has been assimilated to-that of mortgagor and mortgagee: 2 Heis., 402; yet it does not fall within the provisions of sec. 2399 of the Code, which gives the widow dower in lands mortgaged or conveyed in. trust by the husband to pay-debts, if he dies before foreclosure, this being a mere mortgage or* conveyance in trust to secure debts, but a retaining of the legal title as a security. The vend- or’s lien thus retained for unpaid purchase money is superior to the widow’s right of dower. She can not have dower out of so much of such estate as is required to pay the purchase money. Of what, then, may she be endowed? Clearly of so much as belonged' to her husband’s estate legally or equitably. If the house and lot sold for $1,500 more than was sufficient to pay the vendor’s lien, that sum belonged to the estate of Martin, and the widow’s dower of one-third is to be taken out of that sum.
To hold that she should take all the surplus of $1,500, would be to disregard the well-settled principle or rule of law, that the widow shall have as dower one-third part of all the lands of which the husband was the legal or equitable owner at the time of his death. The husband was neither the legal or equitable owner of the property until it was paid for; so as that the widow upon his death was entitled to dower out of the whole; but her right to dower is restricted to one-third for life of the surplus, after satisfying the vendor’s lien: 1 Hum., 408; 7 Hum., 72; 1 Col., 14; 31 Maryland R., 324. The attachment obtained and levied on the house and lot was *386 issued upon the allegation contained in the bill, that the said John D. Martin was indebted to complainant, that he resided without the limits of the State, and died leaving property within the State: Sub-sec. 7 of sec. 3455 of the Code.
The widow and heir-at-law of said Martin were .made defendants to this bill.
The widow answered, denying in her answer that her late husband was a non-resident of the State; but admitting the justice of complainant’s claim.
The minor also answered by his guardian ad litem, briefly submitting his rights to the protection of the court. No plea in abatement to the jurisdiction of the court, or denying the existence of the cause stated in the bill, as the ground upon which the attachment issued, was filed. By the express terms of the section of the Code referred to, it is clear that if the facts alleged existed, it was a proper case for the issuance of an attachment against the property of the debtor. If the facts alleged were not true, the plea in abatement denying their truth was the appropriate mode of making this defense.
It has been repeatedly held by this Court, that objection to the jurisdiction must be taken by plea in abatement, demurrer or motion to dismiss: 7 Hum., 467; 4 Hum., 348; 1 Heis., 335; 3 Col., 357; and such are the plain provisions of our statutes: Code, secs. 4309, 4318-21.
It is insisted, however, that the debtor being dead, his minor heir is not required by the letter, or reason of the law, to file such plea. There is no reason why *387 he may not do so. He has an interest in the property attached, and is a defendant to the suit, and may avail himself of all defenses against the suit. But if he seeks to resist the jurisdiction, the-statute says this can only be done by plea in abatement, demurrer, or motion to dismiss: Sec. 4309. It cannot be done by answer.
The courts are careful to protect the rights of infants, and will not allow them to be prejudiced by acts in their infancy, nor by admissions inadvertently made by their guardians;' but there are no exceptions to the statutory requirements in favor of infants, that objection to the jurisdiction of the court must be taken in the mode, and at the time prescribed.
The result is, that the complainant having proved his debts, is entitled to have the surplus of the proceeds of the sale of the house and lot, after paying the vendor’s lien and costs and charges, and taxes and the one-third which the widow is entitled to for life, applied towards the payment of his debts.
The rents of the property which accrued after the death of said Martin, up to the time of sale, were properly disposed of by the decree of the Chancellor.
After the death of the ancestor, the estate descends to the heir, and the accruing rents go to the heir, discharged of any liability for the debts of the ancestor : 4 Yerg., 218.
The Chancellor’s decree will be modified as indicated in this opinion, and the costs of the court below will be paid as adjudged by the Chancellor; and the costs of this Court by complainant.